# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DAVON PHILLIPS, | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. PWG-18-3808 |
| SGT. GETHSEMANI UGOCHUKWU, ADESINA ADEKUNLE, CHIEF ROBERT DEAN, CAPTAIN NICHOLAS ENYIOMA, DPSCS | * * * | |
| Defendants | * | |

***

## MEMORANDUM OPINION

Plaintiff Davon Phillips alleges in this civil rights complaint filed pursuant to 42 U.S.C. § 1983, that he was assaulted by correctional staff at Jessup Correctional Institution (JCI) in Jessup, Maryland. Defendants, Captain Nicholas Enyioma, Sergeant Gethsemani Ugochukwu, Officer Adesina Adekunle, Chief of Security Robert Dean, and Department of Public Safety and Correctional Services ("DPSCS"), by their counsel, have filed a Motion to Dismiss or, in the Alternative, for Summary Judgment with verified exhibits, including video footage of the incident,[1] and declarations. ECF No. 14. The Motion is unopposed.[2]

After considering the pleadings, exhibits, and applicable law, I find a hearing unnecessary to resolve the issues. *See* Loc. R. 105.6 (D. Md. 2016). For reasons set forth below, Defendants' Motion will be granted.

---

[1] Plaintiff viewed the video on May 21, 2019. White Decl. ECF No. 14-10 ¶3.
[2] Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), Plaintiff was notified of his right to file an opposition response supported by exhibits and affidavits and of the consequences of failing to do so. ECF No. 15.

## BACKGROUND

Plaintiff alleges that on November 1, 2018, he was on his way to dinner when he was stopped by Officer Adekunle for a random search. Plaintiff says that he complied and nothing was found. Later, on Plaintiff's way back from dinner, Plaintiff claims Sergeant Ugochukwu stopped him to search him. Plaintiff alleges that Officer Kazeem told Ugochukwu that Adekunle had already searched him. Complaint, ECF No. 1 at 3.

Plaintiff alleges Ugochukwu became "hostile and aggressive" and "for no reason" tried to grab Plaintiff. *Id.* Plaintiff states he tried to walk away, but Ugochukwu would not let him. He claims Ugochukwu tried to grab Plaintiff's shirt and called a "1010 code (for inmates fighting)." *Id.* Enyioma, Dean, Adekunle, and other officers responded. Plaintiff alleges Ugochukwu used both hands to push Plaintiff on his face and that Enyioma, Dean, Adekunle, and other officers jumped on Plaintiff, punching and kicking his head and face. Plaintiff was taken to the medical office where photographs were taken. Plaintiff describes the photographs as showing scratches on his face, bleeding from his nose and a "knot" on his left eye. *Id; but see* medical records ECF No. 14-8 at 4 (observing no injuries to Plaintiff)*;* photograph at ECF No. 14-3 at 17.[3] Plaintiff seeks relief of "$80,000- $150,000" in punitive and compensatory damages. ECF No. 1 at 4.

## STANDARD OF REVIEW

Because Plaintiff is self-represented, his submissions are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see* Fed. R. Civ. P. 8(f) ("All pleadings shall be so construed as to do substantial justice"); *see also Haines v. Kerner*, 404 U.S. 519, 520 (1972) (stating that claims of self-represented litigants are held "to less stringent standards than formal pleadings drafted by lawyers").

---

[3] The alleged injuries are not apparent from the photograph in the record. ECF No. 14-3 at 17.

"[T]he purpose of Rule 12(b)(6) is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir.2006) (internal citation and quotation marks omitted). A plaintiff's complaint need only satisfy the standard of Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). There must be more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal citations omitted). At this stage, all well-pleaded allegations in a complaint must be considered as true, *Albright v. Oliver*, 510 U.S. 266, 268, (1994), and all factual allegations must be construed in the light most favorable to the plaintiff, *see Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)).

Summary judgment is proper when the moving party demonstrates, through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . , admissions, interrogatory answers, or other materials," that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c)(1)(A); *see Baldwin v. City of Greensboro*, 714 F.3d 828, 833 (4th Cir. 2013). If the party seeking summary judgment demonstrates that there is no evidence to support the nonmoving party's case, the burden shifts to the nonmoving party to identify evidence that shows that a genuine dispute exists as to material facts. *See Celotex v. Catrett*, 477 U.S. 317 (1986). The existence of only a "scintilla of evidence" is not enough to defeat a motion for summary judgment. *Anderson v. Liberty Lobby,* Inc., 477 U.S. 242, 251–52

(1986). Instead, the evidentiary materials submitted must show facts from which the finder of fact reasonably could find for the party opposing summary judgment. *Id.* If this initial burden is met, the opposing party may not rest on the mere allegations in the complaint. *Id.* at 247–48. The opposing party "must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, summary judgment is appropriate. *Anderson*, 477 U.S. at 248–49. On a motion for summary judgment, the facts are considered in the light most favorable to the non-moving party, here Plaintiff, drawing all justifiable inferences in his favor. *Ricci v. DeStefano*, 557 U.S. 557, 585–86 (2009). As noted, Plaintiff did not file an opposition to Defendants' dispositive motion.

## DISCUSSION

Defendants move for dismissal of the claims against them for failure to state a claim on which relief may be granted or for summary judgment in their favor. They assert the claims are barred under the Eleventh Amendment, and argue that Plaintiff does not demonstrate a violation of his rights under the Eighth Amendment for use of excessive force.

### Eleventh Amendment

The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or by Citizens or subjects of any Foreign State." U.S. Const, amend. XI. The states generally enjoy immunity from suits brought in federal court by their own citizens. *Board of Trustees of University of Alabama v. Garrett*, 531 U.S. 356, 363 (2001) ("The ultimate guarantee of the Eleventh Amendment is that nonconsenting states may not be sued by private individuals in federal court."); *Pennhurst State Sch. & Hosp. v. Halderman*, 465

U.S. 89, 101–02 (1984). Under the Eleventh Amendment, a private individual is barred from bringing a suit against a state in federal court to recover damages, unless the state consents or there is an exception to sovereign immunity. *See Coleman v. Court of Appeals of Md.*, 566 U.S. 30, 35 (2012); *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54–55 (1996). Absent waiver or a valid congressional abrogation of sovereign immunity, sovereign immunity also bars suit against an instrumentality of a state, sometimes referred to as an "arm of the state." *See Pennhurst*, 465 U.S. at 101–02 ("It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment."). Claims for monetary relief against state employees acting in their official capacities are also barred by Eleventh Amendment immunity. This is because a suit against the state actor is tantamount to a suit against the state itself. *Brandon v. Holt*, 469 U.S. 464, 471–72 (1985); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974) ("'(W)hen the action is in essence one for the recovery of money from the state, the state is the real, substantial party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials are nominal defendants.'") (citing *Ford Motor Co. v. Department of Treasury*, 323 U.S. 459 (1945) (overruled on other grounds)).

The DPSCS is an arm of the state. *See* Md. Code (2017 Repl. Vol.) §§ 2-101, 3-201 of the Correctional Services Article; *see also Clarke v. Maryland Dep't of Pub. Safety and Corr. Servs.*, 316 Fed. App'x 279, 282 (4th. Cir. 2009) (stating "the Maryland Department of Public Safety and Correctional services is undoubtedly an arm of the state for purposes of § 1983"). Neither the State of Maryland nor DPSCS has waived immunity in federal court for claims brought pursuant to § 1983. Consequently, I will dismiss DPSCS as a defendant in this case. Further, Plaintiff's claims for damages against the remaining defendants in their official capacities are dismissed, as these too are claims against the state. Plaintiff does not assert he is raising claims against the

5

individual defendants in their individual capacities, but for reasons discussed below, such claims would prove unavailing.

Eighth Amendment

The Eighth Amendment proscribes "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. U.S. Const, amend. VIII; *Gregg v. Georgia*, 428 U.S. 153, 173 (1976); *see Estelle v. Gamble*, 429 U.S. 97, 102 (1976); *Scinto v. Stansberry*, 841 F.3d 219, 225 (4th Cir. 2016); *King v. Rubenstein*, 825 F.3d 206, 218 (4th Cir. 2016). To establish an Eighth Amendment violation, an inmate must establish both that the prison official subjectively "acted with a sufficiently culpable state of mind" and that the injury or deprivation inflicted was objectively serious enough to constitute a violation. *Williams v. Benjamin*, 77 F.3d 756, 761 (4th Cir. 1996).

To satisfy the objective level of harm, a party asserting an Eighth Amendment excessive force claim must demonstrate that the officer used a "nontrivial" amount of force. *Wilkins v. Gaddy*, 559 U.S. 34, 39 (2010). "[N]ot every malevolent touch by a prison guard gives rise to a federal cause of action." *Id.* at 37 (quoting *Hudson v. McMillian*, 503 U.S. 1, 9 (1992)) (internal quotation marks omitted). The force used here satisfies the objective requirement, but that does not end the inquiry.

The subjective element requires evidence that prison personnel used force "maliciously or sadistically for the very purpose of causing harm" rather than "in a good faith effort to maintain or restore discipline." *Hudson*, 503 U.S. at 6 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 320–21 (1986)). In evaluating this element, a court should consider "(1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of any reasonably perceived threat that the application of force was intended to quell; and (4) any

6

efforts made to temper the severity of a forceful response." *Iko v. Shreve,* 535 F.3d 225, 239 (4th Cir. 2008) (quoting *Whitley*, 475 U.S. at 321) (internal quotation marks omitted).

Defendants' undisputed evidence demonstrates that Plaintiff refused several direct, lawful orders given by Ugochukwu to stop for a frisk search. Following that refusal, Plaintiff then assaulted Adekunle who was attempting to deescalate the situation. Plaintiff's fellow inmate Larry Mitchell then struck Adekunle, and as a result, officers took both inmates to the ground to restrain them. Plaintiff was then given medical attention for minor injuries.

Ugochukwu was monitoring more than 100 inmates going to dinner, when he observed Plaintiff's pants pockets were bulging. Ugochukwu, Decl. ECF No. 14-4 ¶ 3. Ugochukwu ordered Plaintiff to stop and show him his pockets. Plaintiff looked at him, ignored the orders, and walked away. Ugochukwu used his discretion under the circumstances to continue monitoring the mass movement of inmates and not follow Plaintiff. *Id.* at ¶ 3. Later, when inmates left the dining room, Ugochukwu recognized Plaintiff and again observed he had bulging pockets. Ugochukwu ordered Plaintiff to stop for a frisk search. *Id.*[4] Officers have discretion to conduct random searches of inmates at any time for contraband in accordance with institutional security procedures. ECF No. 14-4 ¶ 3. After Plaintiff refused two direct orders to stop and empty his pockets, and pushed past Ugochukwu, Ugochukwu called for officer assistance. *Id.* ¶¶ 4, 5. While Adekunle was trying to deescalate the situation, Plaintiff struck Adekunle. *Id.* ¶4; Adekunle Decl. ECF No. 14-5 ¶ 4. Once officers intervened to restrain Plaintiff, Ugochukwu had no further physical contact with Plaintiff. *Id.*

---

[4] Ugochukwu was unaware that Plaintiff been searched by another other officer. ECF No. 14-4 at ¶ 3. Officer Kazeem was not on duty at the time of the incident, Fitch Decl. ECF No. 14-3 ¶3; Ugochukwu Decl. ECF No. 14-4 ¶ 3. Contrary to Plaintiff's allegation, Kazeem could not have informed Ugochukwu that Plaintiff had been searched by Adekunle. ECF No. 14-4 ¶ 3; Adekunle Decl. ECF No. 14-5¶3. Adekunle denies he searched Plaintiff on November 1, 2018.

7

Major Carolyn Nelson of the DPSCS was assigned to investigate the November 1, 2018, incident, and after assessing information obtained from interviews, reports, and photographs, as well as viewing video footage of the incident, concluded the force used against Plaintiff was justified. According to Nelson's Use of Force ("UOF") report, Plaintiff and Larry Mitchell became combative toward officers after Plaintiff repeatedly refused to comply with Ugochukwu's direct orders to stop for a frisk search. UOF Report, ECF No. 14-3 at 3. Ugochukwu radioed for assistance, and other officers arrived. *Id*. at 3. After Plaintiff and Mitchell assaulted Adekunle officers took both inmates to the ground and restrained them. The UOF Report concluded that the force used was not excessive and did not exceed the force required to gain control of the situation. *Id*. at 5.

After viewing the video, I find the recording is consistent with Ugochukwu and Adekunle descriptions in their declarations that Plaintiff struck Adekunle which led to the intervention of the other officers. ECF No. 14-4 ¶5; ECF No. 14-5 ¶4; Video ECF No. 7 at 00:05.

Viewing the facts in the light most favorable to Plaintiff, he does not dispute that he ignored multiple orders by Ugochukwu to stop for a frisk search. Further, the video clearly shows Plaintiff as the instigator who struck Adekunle. ECF No. 6, at 00:05 seconds; *see also* ECF No. 14-5 ¶4. The video footage shows no evidence to support Plaintiff's contention that Defendants jumped, punched or kicked him in the head. *See Witt v. W. Va State Police, Troop 2*, 633 F.3d 272, 276 (4th Cir. 2011) (stating that "when a video 'quite clearly contradicts the version of the story told by [the plaintiff] . . . so that no reasonable jury would believe it, a court should not adopt [the plaintiff's] version of the facts for purposes of ruling on a motion for summary judgment.'") (quoting *Scott v. Harris*, 550 U.S. 372, 378 (2007)).

Given Plaintiff's repeated refusal to comply with orders to stop for a search for possible

8

contraband, his assault on Adekunle, the high traffic of other inmates coming through the area, and the additional assault by another inmate, there was an exigent need for immediate force to regain control of the situation to insure institutional safety. The force used was brief, and ended once Plaintiff and Mitchell were restrained. The undisputed evidence does not support the allegation that the force was used maliciously or sadistically and therefore does not support an Eighth Amendment claim. Because Plaintiff does not meet his burden to identify evidence that shows that a genuine dispute exists as to material facts to support a claim of cruel and unusual punishment, Defendants are entitled to summary judgment as Plaintiff's excessive force claim.

## CONCLUSION

For the reasons set forth in this Memorandum Opinion, I will dismiss the claims against DPSCS and the Defendants in their official capacity. I will grant summary judgment in favor of Enyioma, Ugochukwu, Adekunle, and Dean, to the extent they are sued in their individual capacity. A separate Order follows.


Date:   February 11. 2020           /S/
                                    Paul W. Grimm
                                    United States District Judge